The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The PMA Group was the compensation carrier on the risk.
3. Plaintiff worked with defendant W.H. Sullivan, Inc., on 31 October 1991, where he had worked for approximately 3 years.
4. The issue before the Industrial Commission is whether plaintiff sustained an injury by accident arising out of and in the course of any employment which he may have had with defendant-employer on October 31, 1991.
5. The medical records concerning plaintiff from High Point Regional Hospital, including the records from James M. Love, M.D. and Ernesto M. Botero, M.D., are stipulated into evidence.
6. Plaintiff's average weekly wage may be determined from two Industrial Commission Forms 22 Wage Charts, marked as stipulated documents.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On October 31, 1991, prior to the time of the alleged incident giving rise to this claim, plaintiff was working for defendant-employer as a construction foreman at Wake Forest University in Winston-Salem, North Carolina. Plaintiff's duties as a construction foreman involved physical activities such as lifting and carrying equipment, and supervising other employees.
2. On October 31, 1991, prior to the time of the alleged incident giving rise to this claim, plaintiff was advised by the contract manager that his services would no longer be needed.
3. Plaintiff testified that on October 31, 1991, after he was terminated, plaintiff re-entered the construction site in order to gather his personal belongings. Plaintiff then testified that he slipped on a piece of pipe and fell backwards into a pile of trash. As a result, plaintiff testified that he sustained an injury to his neck.
4. Upon leaving the job site, plaintiff drove home with a fellow worker, Mr. Lester Murray. At that time, plaintiff did not appear to be uncomfortable or in pain. In addition, plaintiff did not tell Mr. Murray of any incident or injury which happened to him on the job site.
5. Plaintiff also testified that he went straight home from the job site and went to bed. On the evening of October 31, 1991, however, the contract manager for defendant-employer received a beeper signal on the beeper which he had retrieved from plaintiff. The contract manager then returned the call to the number on the beeper and reached plaintiff's wife. At that time, plaintiff was not at home, which was approximately 8:00 p.m. Plaintiff, however, left the job site at approximately 4:00 p.m. The drive from the job site to plaintiff's home was approximately 25 miles.
6. The undersigned is unable to accept plaintiff's testimony as credible, based on plaintiff's testimony and demeanor, and based on the testimony of other credible evidence of record.
7. Since plaintiff's testimony is not credible, plaintiff did not prove that any injury which he may have sustained on or about October 31, 1991 resulted from a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions which were likely to result in unexpected consequences.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On October 31, 1991 plaintiff did not sustain an injury either as the direct result of a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, on October 31, 1991 plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
FOR THE FULL COMMISSION
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ____________________ DIANNE C. SELLERS COMMISSIONER
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 6/21/95